

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00582-CR

Julian **BAZAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR1157
Honorable Frank J. Castro, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: July 19, 2023

DISMISSED FOR WANT OF JURISDICTION

The trial court imposed sentence in the underlying cause on October 7, 2019 and signed a Certification of Defendant's Right of Appeal stating this "is a plea-bargain case, and the defendant has NO right of appeal." Because appellant did not file a motion for new trial, the notice of appeal was due to be filed by November 18, 2019. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on December 2, 2019. TEX. R. APP. P. 26.3. Appellant filed a pro se notice of appeal on June 2, 2023 and he did not file a motion for extension of time.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A late notice of appeal may be considered timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *See id*.

Because it appeared the notice of appeal was not timely filed, on June 14, 2023, this court ordered appellant to show cause in writing no later than June 29, 2023, why this appeal should not be dismissed for lack of jurisdiction. *See id*.; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure). Our order cautioned appellant that if he failed to respond or otherwise show cause why this appeal should not be dismissed by June 29, 2023, this appeal would be dismissed for lack of jurisdiction. All appellate deadlines were suspended until further order of the court.

Appellant did not respond to our order. Therefore, we reinstate this appeal on the court's docket and dismiss the appeal for want of jurisdiction.

PER CURIAM

Do not publish